JOHN C. COUGHLIN, Appellee, v. D. S. COUGHLIN et al., Appellants.

**GIFTS: Real Property—Degree of Proof.** Principle reaffirmed that a parol gift of real estate must be established by clear, unequivocal, and definite testimony.

*Appeal from Webster District Court.*—G. D. THOMPSON, Judge.

November 21, 1922.

Action in equity to establish and confirm title in the plaintiff to certain real estate predicated on a parol gift. Judgment and decree entered for the plaintiff. Both plaintiff and defendants appeal, defendants having first perfected their appeal.— *Modified and affirmed.*

*Mitchell & Files,* for appellants.

*Healy & Breen,* for appellee.

De Graff, J.—Plaintiff seeks to have established and confirmed his title to a quarter section of Webster County, Iowa land and predicates his right on an alleged parol gift from his father D. S. Coughlin, defendant herein. In his petition he alleges that he told his father in April 1908 that he contemplated getting married in the fall of that year, and that his father said that whenever the plaintiff wanted to start for himself that he could move up on a certain described northeast quarter of Section 20 as he had always intended that said land should be the plaintiff's; that he would give said land to the plaintiff and that when he started for himself and moved upon said land that the father would deed it to the plaintiff.

It is also alleged that at said time and place the father said to the plaintiff that it might be necessary for the defendant to place a mortgage upon said land to assist him in buying a place for the brother of this plaintiff: to wit, David Coughlin; that it was understood and agreed by and between the plaintiff and his father that in view of the contemplated marriage and in consideration of past services rendered by the plaintiff to his father the described land should be and become the property of the plaintiff; that pursuant to said agreement the plaintiff married and moved on to said farm and has since said time remained in continuous possession and occupancy of said farm and made valuable improvements thereon.

In his cross-examination plaintiff stated that he did not think and did not now claim that when he was married that his father made an absolute gift of the 160 acres of land with the

improvements thereon. "Q. Then you didn't think that he gave you that? A. No sir. Q. What did you think? A. I was to pay for what he didn't give me. Q. What were you to buy? A. I was to buy the balance in the farm. Q. You were to buy one 80? A. The difference is what he told me— enough to pay for the 100 acres that he bought and gave to Dave."

The evidence discloses that the son never paid the father any sum in conformity to the agreement as testified to by the son; that no price per acre was ever agreed upon; that at the time of the alleged agreement there was a mortgage of $7,000 against the farm; that the father did not give his son Dave any land until 9 years after John's marriage when he deeded Dave an 80. The senior Coughlin owned 400 acres of Webster County land at this time.

The defendant father expressly denies that he ever made any promise or agreement with the plaintiff that he would give him the described land and testified that he never heard of his son's claim until the fall of 1920. No one testifies to the alleged promise or arrangement except the plaintiff. Other members of the family testify that they never heard of such an arrangement. Two of plaintiff's brothers Jerry and Carroll were living at home with their parents down to the time of the trial. Jerry was 40 and Carroll 32 years of age. Two unmarried daughters were also at home during all of the time in controversy. There were 4 boys and 3 girls in the Coughlin family, the plaintiff being the oldest son and at the time of the alleged gift was 32 years old.

The wife, Ellen A. Coughlin, testified that she never heard any talk concerning an arrangement giving John the 160-acre farm. "I thought he promised to give John an eighty; that was from what I heard my husband say. Whatever my husband did would be satisfactory to me." The wife did protest against giving John the entire farm.

Plaintiff in conversations with his father and brother Dave claimed that he had a written contract with his father, but no such instrument was ever produced. The record also discloses that for several years after John's marriage the father took the hay crop from the farm worked by John and would have con-

tinued to take it longer, according to the testimony of the father, "but the boys refused to go up there and work because they said John was of a disagreeable disposition and made it unpleasant for them." Cattle were pastured on the farm by the father for several years after plaintiff moved thereon. With the exception of one half of the 1920 taxes the father paid the taxes on the farm each year, but it is the claim of the plaintiff that he gave to his father money to pay the taxes,—$50 or $60 a year until 1914, and $200 annually from 1914 to 1918.

The father testifies that he accepted these payments as rent. It is further shown that a drainage improvement caused assessments to be made against the farm in controversy. The assessments were permitted to become delinquent by the plaintiff and were paid by the father. The plaintiff carried his own insurance on the buildings which he constructed upon the farm while the father carried the insurance on the buildings that were on the place originally.

Without further reviewing the evidence bearing upon the question of the parol gift it is sufficient to state our conclusion in this particular. Plaintiff had the burden of establishing the gift by clear, unequivocal and definite testimony. *Lembke v. Lembke* 194 Iowa 808, with cases cited; *Veeder v. Veeder,* 184 Iowa 72.

It is true that it was the plan of the defendants to give each of the children 80 acres. This arrangement was known to the family and the father was willing and proffered to the plaintiff 80 acres of land. The father does not deny that it was originally contemplated that John upon his marriage should have 80 acres of land but the evidence does not support the plaintiff's contention that the father made a parol gift of 160 acres, nor does it support the claim of the plaintiff that he was to buy and pay for a part of the 160 acres in order that the father could carry out a gift to his son Dave.

Plaintiff has made improvements upon the 80 which had been originally improved. He has repaired the house, erected certain outbuildings and constructed fences. He put in some tile, planted trees and constructed a windmill. It would not be fair or equitable to deprive him of the fruits of his labor.

These acts are referable to an alleged parol gift and in harmony with the intent and purpose of the father to give each of his children upon starting out in life 80 acres of land. This the father has always been willing to do with the plaintiff.

The decree entered in this case is not in conformity to either the pleadings or the evidence. The trial court determined that there was a parol undertaking and agreement made in April 1908 by the plaintiff and the defendant D. S. Coughlin whereby 80 acres of the tract of land described in plaintiff's petition became the property of the plaintiff, and that pursuant to the terms of the agreement plaintiff should purchase or receive the remaining 80 acres of said tract. It was decreed that plaintiff is entitled to the entire tract of land subject to the dower right of the defendant Ellen A. Coughlin, and subject to the mortgage now upon the premises and conditional also upon the payment of interest for the period of 12 years at the rate of 6 per cent on the mortgage of $7,000, and further that the plaintiff should repay the defendants all drainage assessments paid by the defendant D. S. Coughlin with interest at 7 per cent. Plaintiff was given 6 months from the date of the decree to pay these various amounts, otherwise execution should issue to recover the same.

These findings are modified in these particulars: (1) Title to the 80 acres, known as the south 80 upon which the improvements are located, is established and confirmed in the plaintiff John C. Coughlin (2) Said title to be free from the incumbrance of the mortgage of $7,000 or interest thereon (3) Plaintiff is to pay to the defendants one half of the drainage assessments levied and assessed against the 160 acres of land described in the petition of plaintiff, and until the same is paid will be and constitute a lien upon the 80 acres herein decreed to the plaintiff (4) Court costs and accruing costs on this appeal are to be equally divided and taxed to plaintiff and defendants herein (5) Plaintiff's title herein confirmed in the 80 acres is to be decreed free and not subject to the dower right of the defendant Ellen A. Coughlin.

It is further ordered that a decree in conformity to the findings herein shall be entered in the district court of Iowa

in and for Webster County, and in the event that the form of
decree to be entered cannot be agreed upon by the parties to
this action, upon motion in this court by either party, the form
of decree will be determined and entered accordingly. Where-
fore the judgment entered by the trial court is—*Modified and
affirmed.*

STEVENS, C. J., WEAVER and PRESTON, JJ., concur.